**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-1156-WJM-KLM

DANIEL J. MILLER,
TERANCE M. MAHER,
MAX H. OWEN,
MAHER FINANCIAL SERVICES PPST,
DAVID MICHAUD,
BURRIS A. BRUCE,
WAYNE LARSON,
HUGH THOMAS, JR. IRA 4949,
GARY L. PETERSEN,
MARLAYNE C. MILLER,
GARY M. CUMMINGS,
JOE W. KIRKPATRICK,
JOE W. KIRKPATRICK IRA 40427,
DAVID O'BANNON,
DORIS T. REA, Executor of Estate Claudia Rea Browers,
BRUCE LAMBERT REVOCABLE LIVING TRUST,
KEVIN M. CUMMINGS TRUST, GARY CUMMINGS TRUSTEE,
SIMONE MERCER,
DANIEL M. LAVIK,
4 D'S INVESTMENT CLUB,
CHESTERFIELD MORTGAGE INVESTORS, INC.,
ESTATE OF CHARLES R. ST. JOHN, St. John Fee Family LLC,
ESTATE OF HARRY A. KIEHL,
ROGER C. CLINE,
PETER VERMEULEN, Vermeulen Family LLC,
JOSEPHINE S. VERMEULEN, Trustee (J.S. Vermeulen Living Trust),
JOSEPHINE S. VERMEULEN, Trustee (GST Exempt Fmily Trust of A. Vermeulen),
ALICE LYN LARKSPUR REVOCABLE TRUST,
WOLSDORF LIVING TRUST,
DAVID ROOK,
JAMES G. BENNETT,
DORIS M. STROM,
JAMES ROSE,
JOAN AMES,
RON IBSEN, and
WAYNE D. PORTER,

        Plaintiffs,

v.

HAROLD S. MCCLOUD,
THOMAS J. POWER, and
CORELOGIC COMMERCIAL REAL ESTATE SERVICES, INC.,

       Defendants.

---

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

---

On April 23, 2014, the instant action was transferred to this Court from the U.S.

District Court for the Western District of Washington.  (ECF No. 1.)  On April 29, 2014,

due to Plaintiffs' failure to establish the citizenship of each Plaintiff in their Complaint,

the Court entered an Order directing Plaintiffs to show cause as to why this action

should not be dismissed for failure to allege sufficient facts indicating that the Court has

diversity jurisdiction.  (ECF No. 11.)  The Court subsequently reviewed Plaintiffs'

responses to the Order to Show Cause and was satisfied that it had diversity jurisdiction

over this action.  (ECF No. 24.)

On July 11, 2014, Plaintiff filed a Second Amended Complaint that added the

Barbara Sorenson Living Trust as an additional Plaintiff.  (ECF No. 36 at 8.)  The

Complaint alleges that one of the trust's beneficiaries, Faye Sorenson, resides in

California, and that several other beneficiaries reside in the "Pacific Northwest."  (*Id*.)

On September 16, 2014, Defendant CoreLogic Commercial Real Estate

Services, Inc. ("Defendant") filed a Motion to Dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(1) due to lack of diversity jurisdiction ("Motion").  (ECF No. 54.)

Defendant alleges that its principal place of business is in California, not Colorado as

alleged in Plaintiff's Complaint.  (*Id*. at 1.)  Therefore, Defendant alleges that this matter

lacks complete diversity because Faye Sorenson (and possibly other beneficiaries of

the Barbara Sorenson Living Trust) resides in California.  (*Id*.)

After the Motion was filed, however, the parties filed a Stipulation of Dismissal

that dismissed the Barbara Sorenson Living Trust as a Plaintiff in this action.  (ECF No.

63.)  Plaintiff's Response to the Motion states that, because the sole basis of the

Motion is that both Defendant and one beneficiary of the Sorenson Trust are citizens of

California, the Stipulation of Dismissal restored complete diversity in this matter.  (ECF

No. 65.)  Defendant has not filed a Reply, and has raised no other argument in its

Motion that diversity is lacking.  (ECF No. 54.)  Therefore, the Court is satisfied that

complete diversity once again exists in this matter, and Defendant's Motion (ECF No.

54) is accordingly DENIED.

Dated this 8th day of April, 2015.

BY THE COURT:

William J. Martínez
United States District Judge